UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY LANDERMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-381** |
| **TARPON OPERATING AND DEVELOPMENT, L.L.C., ET AL.** | **SECTION "S" (3)** |

## ORDER

Before the Court is Shamrock Management, L.L.C.'s Motion to Quash Plaintiff's Subpoena Duces Tecum for Confidential Medical Records and for Protective Order [Doc. #41]. The Court originally set the motion for oral hearing on November 12, 2014. Having reviewed the motion and the opposition, the Court has determined that oral argument is unnecessary. Accordingly, the Court rules as follows.

**I.    Background**

On January 15, 2014, plaintiff Jerry Landerman filed this lawsuit in Louisiana state court against six defendants: Tarpon Operating and Development, L.L.C. ("Tarpon"); Shamrock Energy Solutions, L.L.C. ("Shamrock"); Nabors Offshore Corporation ("Nabors"); Rene Offshore, L.L.C. ("Rene Offshore"); Pan Ocean Energy Services, L.L.C. ("Pan Ocean"); and Hoplite Safety, L.L.C. ("Hoplite"). Plaintiff asserts claims under the Jones Act and the general maritime law based on injuries he sustained while working on an offshore platform. The facts surrounding the incident, as alleged in the complaint, are as follows.

In May 2013, Landerman was working for Pan Ocean as a welder/cutter on the West Cameron 661 "A" Platform, which is in the Gulf of Mexico on the Outer Continental Shelf. Tarpon and Shamrock allegedly owned the platform at issue, and Hoplite served as a safety consultant for operations on the platform.

On May 20, 2013, Landerman was being transferred from the platform to the vessel M/V RENE by means of a personnel basket that was hanging from a crane on the platform. The crane operator, employed by Shamrock, set the personnel basket down on top of equipment on the deck of the M/V RENE. The basket then allegedly tipped over, causing plaintiff to fall to the deck of the vessel and sustain serious injuries.

Landerman alleges that his injuries were a direct result of the unseaworthiness of the M/V RENE and the negligence of all defendants. He seeks damages for lost wages and diminished earning capacity, medical expenses, pain and suffering, disability, "loss of household services," loss of enjoyment of life, and "permanent disfigurement," as well as maintenance and cure. In addition to the Jones Act and the general maritime law, the complaint also invokes as possible theories of recovery the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331 *et seq.*; the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.*; and the general negligence laws of Louisiana.

Hoplite removed the lawsuit to this Court, alleging original jurisdiction under OCSLA. The District Court denied plaintiff's motion to remand in part and severed the Jones Act claim and remanded it to state court.

**II.     The Parties Contentions**

    **A.     The Motion to Quash**

As noted, Shamrock employed the crane operator, Steve Campbell. Plaintiff deposed Campbell on September 3, 2014, at which time Campbell testified that he had undergone a pre-employment physical and drug test before Shamrock employed him. Plaintiff thus served a subpoena duces tecum on Shamrock, in which he seeks Campbell's medical records and drug test results.

Shamrock objects to the subpoena on the grounds that it has no medical records of Campbell in its possession and the drug test results are protected by the Health Insurance Portability and Accountability Act ("HIPAA"). Shamrock argues that the confidentiality provisions of HIPAA preclude it from disclosing employees' medical records and drug test results.

In addition, Shamrock contends that the drug screen results are irrelevant. The drug screen was administered on February 7, 2013, more than three months before the accident. Shamrock thus maintains that it is outside the temporal scope of discovery and irrelevant here.

    **B.     Plaintiff's Opposition**

Plaintiff first argues that Shamrock is not a covered entity under HIPAA because it is not a health plan, a health care clearinghouse, or a health care provider.

If Shamrock is a covered entity, plaintiff also contends that drug test results are not protected health information ("PHI"). He notes that PHI excludes individually-identifiable health information in employment records held by a covered entity in its role as an employer. Because Shamrock maintains the records as Campbell's employer, plaintiff asserts that the records are not PHI.

Plaintiff also argues that the records are relevant. At his deposition, Campbell testified that

he had taken multiple prescription drugs on the day that the accident occurred, and that the drugs had been prescribed to him before his employment with Shamrock. Plaintiff maintains that the records will reveal what types of drugs Campbell was taking when Shamrock hired him and that Shamrock had knowledge of such.

### III. Law and Analysis

For the following reasons, the Court denies the motion. The Court finds that the HIPAA argument is of no avail. Even were Shamrock a covered entity and the drug results considered PHI, which the Court need not decide, "[t]he Standards [of HIPAA] generally permit a health care provider (called a "covered entity") to disclose nonparty patient records during a lawsuit, subject to an appropriate protective order, without giving notice to the nonparty patients." *Vezina v. United States*, Civ. A. No. 2008 WL 833747, *1 (Mar. 27, 2008) (quoting *United States ex rel. Stewart v. La. Clinic*, No. Civ. A. 99-1767, 2002 WL 31819130 (E.D. La. Dec. 12, 2002)). Thus, even were the HIPAA argument meritorious, HIPAA provides that the Court can order the production of the records in light of a protective order.

The Court also finds that the documents are relevant and reasonably calculated to lead to the discovery of evidence admissible with regard to Shamrock's knowledge as to Campbell's prescription medication that might have potentially impaired his ability to operate the crane properly on the day of the accident.

### IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Shamrock Management, L.L.C.'s Motion to Quash Plaintiff's Subpoena Duces Tecum for Confidential Medical Records and for Protective Order [Doc. #41] is

DENIED.  Shamrock shall produce the drug tests results, as described in the motion to quash, to plaintiff **no later than seven (7) days from the date of this Order**.  Shamrock need not produce to plaintiff any medical records that are not in its possession, custody, or control.  Further, the documents are subject to the following protective order.  Only the parties, counsel, and the parties' experts may see the documents.  In addition, the documents may be used only for purposes of this litigation and for no other purpose.

**IT IS FURTHER ORDERED** that the oral hearing set on November 12, 2014 is CANCELLED.

New Orleans, Louisiana, this 10th day of November, 2014.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**